ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ALBERTO MARIANI VÉLEZ Y ALMIDA MARIANI VÉLEZ | | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala de Ponce |
|---|---|---|
| *EX PARTE* ALMIDA VÉLEZ BARBOSA | KLCE202400652 | Caso Número: PO2020CV00499 Sobre: Nombramiento de Administrador de Caudal Hereditario |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de septiembre de 2024.

Comparece Domingo Vázquez Mariani ("señor Vázquez" o "Peticionario") mediante recurso de *Certiorari* y solicita la revisión de la *Resolución* en reconsideración notificada el 25 de abril de 2024 por el Tribunal de Primera Instancia, Sala de Ponce ("TPI"). Mediante el referido dictamen, el TPI dejó sin efecto la *Resolución* emitida el 27 de febrero de 2024 y declaró *No Ha Lugar* una *Urgente Moción de Intervención y de Remedio Adecuado* instada por los hijos de Don Alberto Mariani Vélez ("Don Mariani Vélez"): Alberto Manuel, Tania Ivette, Tamara y Tamaris, todos de apellidos Mariani De Jesús (en conjunto, "hermanos Mariani De Jesús"), así como la *Comparecencia Especial* presentada por el cónyuge supérstite de Don Mariani Vélez, Diana Aponte López ("señora Aponte López"), debido al carácter contencioso de las controversias presentadas. En consecuencia, les indicó a las partes que debían interponer un pleito independiente sobre partición de herencia.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* solicitado.

**I.**

El 13 de marzo de 2020, Don Alberto Mariani Vélez y Doña Almida Mariani Vélez ("Doña Mariani Vélez") (en conjunto, hermanos Mariani-Vélez"), como únicos y universales herederos del caudal relicto de su madre, Doña Almida Vélez Barbosa ("Sucesión Vélez Barbosa"), presentaron ante el TPI una petición *ex parte* sobre nombramiento de Administrador de Caudal Hereditario y Contador Partidor. Los hermanos Mariani-Vélez solicitaron, que el nieto de Doña Almida Vélez Barbosa, el señor Vázquez, fuera instituido como Administrador del Caudal Hereditario. De igual manera, peticionaron que Jesús M. Morales Lugo ("señor Morales") fuera designado como Contador Partidor. En consecuencia, el 17 de abril de 2020, el foro primario emitió una *Resolución*, mediante la cual concedió la petitoria de los hermanos Mariani-Vélez, según solicitado.

Posteriormente, el 25 de enero de 2024, los hermanos Mariani-De Jesús, presentaron una *Urgente Moción de Intervención y de Remedio Adecuado*, como parte interventora. Los hermanos Mariani-De Jesús notificaron que, el 11 de marzo de 2022, su padre había fallecido y, aun sin adjudicar el caudal relicto de Doña Almida Vélez Barbosa, solicitaron la intervención en el pleito de epígrafe. Asimismo, alegaron que la facultad y autoridad conferida por su padre, Don Mariani Vélez, al señor Vázquez como Administrador del Caudal Relicto había cesado con su muerte. Enfatizaron, además, que no habían consentido a que el señor Vázquez llevara a cabo actos de administración o disposición de bienes pertenecientes a la comunidad hereditaria. Por tanto, solicitaron que el Tribunal emitiera una resolución dejando sin efecto los nombramientos de Administrador del Caudal Relicto y Contador Partidor.

Por otro lado, señalaron que, como herederos de Don Mariani Vélez, habían presentado una demanda en contra de Doña Mariani Vélez en el caso UT2023CV00563 sobre partición del caudal hereditario de Doña Almida Vélez Barbosa. A su vez, los hermanos Mariani-De Jesús

impugnaron el nombramiento del señor Vázquez como Administrador del Caudal Hereditario, por no haberse realizado conforme a derecho.

Los hermanos Mariani-De Jesús también expresaron que, como parte interventora, no habían consentido a ser representados por el Lcdo. Jesús M. Morales Irizarry ("Lcdo. Morales"), quien representó a Don Mariani Vélez en el caso el caso de marras. Añadieron que, al igual que la facultad y autoridad del Administrador del Caudal Hereditario, la autoridad del abogado para representar a su padre había cesado con su muerte. Además, señalaron que el Lcdo. Morales había comparecido a representar a Doña Mariani Vélez en el caso UT2023CV00563, incurriendo en una representación simultánea adversa.

El 7 de febrero de 2024, el señor Vázquez compareció, representado por el Lcdo. Morales, mediante *Moción Informativa, en Contestación a Remedio Solicitado y presentado Informe de Contador Partidor*. El señor Vázquez sostuvo que, al momento de haber sido nombrado Administrador, no se pudo efectuar la partición hereditaria, ya que existían legados testamentarios por adjudicar de Don José Oriol López García, esposo premuerto de Doña Almida Vélez Barbosa, en el caso L JV-2015-0036, *Ex Parte López García*, que debían computarse. No obstante, el señor Vázquez señaló que el 6 de diciembre de 2021, aun sin resolver el caso L JV-2015-0036, los hermanos Mariani-Vélez habían otorgado un documento de partición convencional, el cual anejó a la antedicha moción. Informó que, el 13 de abril de 2023, el TPI había emitido una *Sentencia* en el proceso sucesorio del esposo premuerto de la causante. Como resultado, alegó que el Contador Partidor, el señor Morales, ese mismo día, había finalizado el *Informe de Contador Partidor* ("Informe"), el cual fue anejado a la moción.

Subsiguientemente, el 11 de febrero de 2024, Diana Aponte López ("señora Aponte"), cónyuge supérstite de Don Mariani Vélez, compareció mediante *Comparecencia Especial con Moción Objetando Informe del Contador Partir*. En resumidas cuentas, la señora Aponte impugnó el Informe por no haberse realizado conforme a derecho. Particularmente,

alegó que el Informe no estaba fechado, carecía de los anejos requeridos, y omitió la inclusión de activos y pasivos pertenecientes al caudal relicto.

El 16 de febrero de 2024, el señor Vázquez presentó una *Moción Informativa y Solicitando Señalamiento de Vista Estatutaria*. En la misma, el Peticionario reiteró que en el caso de epígrafe existía una partición convencional válida y vigente, suscrita entre Don Mariani Vélez y Doña Mariani Vélez. Por otra parte, expuso la necesidad de celebrar una Vista Estatutaria para dirimir la impugnación del cuaderno particional realizado por el Contador Partidor.

Ese mismo día, los hermanos Mariani-De Jesús notificaron una *Oposición a "Moción Informativa y Solicitando (sic) Señalamiento de Vista Estatutaria" y Solicitud de Descalificación*. Arguyeron que el señor Vázquez carecía de legitimación activa para comparecer a solicitar remedios en el pleito, ya que no era parte del mismo. De igual manera, destacaron que el Lcdo. Morales había incurrido en un grave conflicto de interés al asumir la representación del señor Vázquez, luego de haber asumido la representación de Doña Mariani Vélez. Así, pues, solicitaron la descalificación del abogado.

El 17 de febrero de 2024, la señora Aponte presentó una *Moción Informativa y Solicitud de Remedio Provisional*. Mediante la misma, la señora Aponte se unió a la solicitud de descalificación instada por los hermanos Mariani-De Jesús. A su vez, señaló que el Lcdo. Morales era el hijo del señor Morales, Contador Partidor, cuestionando así las cantidades adjudicadas, en el Informe, al abogado, por concepto de honorarios de abogado.

Evaluadas las mociones de las partes, el 27 de febrero de 2024, el TPI emitió una *Resolución*, notificada el 28 de febrero de 2024. A través del referido dictamen, el foro primario acogió la solicitud de intervención instada por los herederos de Don Mariani Vélez como una solicitud de sustitución de parte y la declaró *Ha Lugar*. Asimismo, declaró *No Ha Lugar* las solicitudes instadas por los hermanos Mariani-De Jesús y la señora Aponte para que se dejara sin efecto el nombramiento de administrador

judicial y contador partidor. Además, determinó que procedía celebrar una *Vista sobre Impugnación del Acuerdo Particional y del Informe del Contador* Partidor, pautando la misma para el 11 de abril de 2024. Las solicitudes de descalificación presentadas por los hermanos Mariani-De Jesús y la señora Aponte no fueron atendidas por el foro recurrido.

Inconformes, el 14 de marzo de 2024, los hermanos Mariani-De Jesús presentaron una *Moción de Reconsideración,* mediante la cual reiteraron los mismos argumentos previamente esbozados. Por su parte, el 4 de abril de 2024, el señor Vázquez instó su *Oposición a Moción de Reconsideración.*

Aun sin adjudicar la solicitud de reconsideración, el 22 de abril de 2024, el señor Vázquez presentó, por primera vez desde su nombramiento como Administrador del Caudal Hereditario, la *Cuenta Trimestral (Extraordinaria),* referente, únicamente, a los bienes monetarios del caudal.

El 25 de abril de 2024, el foro primario notificó una *Resolución* en reconsideración, en virtud de la cual dejó sin efecto la resolución previamente emitida. Así, pues, declaró *No Ha Lugar* la *Urgente Moción de Intervención y de Remedio Adecuado* presentada por los hermanos Mariani-De Jesús y la *Comparecencia Especial* instada por la señora Aponte. En síntesis, el TPI concluyó que, dado el carácter no contencioso del pleito *ex parte,* las partes debían interponer un pleito independiente sobre partición de herencia, en donde se pudieran dilucidar las controversias planteadas por las partes interventoras, las cuales tornaron el caso en uno altamente contencioso. Cónsono con lo anterior, el foro primario no adjudicó la descalificación del Lcdo. Morales.

En oposición, el 8 de mayo de 2024, el señor Vázquez presentó una *Solicitud de Reconsideración.* Además, el 12 de mayo de 2024, el Peticionario instó una *Moción Solicitando Autorización Judicial,* en la cual solicitó el desembolso de fondos pertenecientes a la Sucesión Vélez Barbosa, correspondientes a la labor realizada por el Lcdo. Morales Irizarry en servicio del Administrador. Las referidas solicitudes instadas

por el Peticionario fueron prontamente denegadas mediante *Resolución*, notificada el 13 de mayo de 2024.

Insatisfecho, el 12 de junio de 2024, el señor Vázquez acudió ante esta Curia mediante *Certiorari*. El Peticionario le imputó al TPI la comisión de los siguientes errores:

> **Erró el Hon. TPI en su Resolución Final de esta acción de jurisdicción voluntaria al negarse a resolver cuando, mediante varias [ó]rdenes seguidas, promovió que las partes gastaran tiempo, recursos y esfuerzo en alegaciones tendentes a esclarecer las [sic] el expediente judicial y teniendo jurisdicción sobre el asunto para el que el mismo Tribunal nombró a los comisionados.**

> **Erró el Hon. TPI, cuando ya esta administración había presentado petición para la evaluación del Informe de Contador-Partidor y la cuenta del Administrador, y cuando ya el Hon. TPI había señalado Vista Estatutaria para evaluar el Informe, al no celebrar la misma, evaluar la prueba ofrecida y resolver lo que procediera en derecho sobre el caso, siendo que se alegó que este es el único trámite restante para terminar el procedimiento de forma justa, rápida y económica.**

> **Erró el Hon. TPI en su Resolución Final al declarar "No Ha Lugar" la solicitud de autorización judicial solicitada por el administrador judicial, por servicios brindados a la sucesión en este mismo caso, y que fueron necesarias para defender el caudal hereditario y la continuación de la ejecución del acuerdo de partición ratificado.**

El 24 de junio de 2024, los hermanos Mariani-De Jesús presentaron una *Moción de Desestimación y Descalificación*, la cual fue denegada mediante *Resolución* dictada el 15 de agosto de 2024. Finalmente, el 29 de agosto de 2024, los Recurridos presentaron su *Alegato en Oposición a Expedición de Auto de Certiorari*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American*

*International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

En síntesis, el señor Domínguez sostiene que el foro primario erró al inicialmente, acoger las solicitudes de intervención de los hermanos Mariani-De Jesús y la señora Aponte López y luego, negarse a resolver lo argumentado por las partes en virtud de las mismas. Aduce, además, que el foro recurrido incidió al denegar su solicitud para el desembolso de fondos pertenecientes a la Sucesión Vélez Barbosa, correspondientes a la labor realizada por el Lcdo. Morales Irizarry en servicio del Peticionario, como Administrador del Caudal Hereditario.

Resulta menester recalcar que, mediante la *Resolución* recurrida, el foro primario concluyó que, dado el carácter no contencioso del pleito *ex parte*, las partes debían iniciar un caso independiente sobre partición de herencia, en donde se pudieran dilucidar las controversias planteadas por las partes interventoras, las cuales tornaron el caso en uno altamente contencioso. De igual manera, el Peticionario impugna la *Resolución* en la cual el foro recurrido denegó su solicitud para desembolsar fondos pertenecientes a la Sucesión Vélez Barbosa para el pago de lo adeudado al Lcdo. Morales Irizarry, como representante legal del Administrador en el caso de marras.

Tras una evaluación sosegada de las numerosas mociones presentadas en el caso de epígrafe, encontramos que, en lo aquí pertinente, las siguientes fueron las controversias presentadas ante la consideración del foro primario: (1) si procede o no la destitución del Administrador Judicial, Domingo Vázquez Mariani, y el Contador Partidor, Jesús M. Morales Lugo; (2) la validez de la partición convencional suscrita entre los hermanos Mariani-Vélez; (3) si procede la impugnación del *Informe del Contador Partidor*, y; (4) el desembolso de fondos pertenecientes a la Sucesión Vélez Barbosa para el pago de honorarios de abogado relacionados a la representación legal del Peticionario.

El pleito de marras tuvo su origen en el 2020, cuando los hermanos Mariani-Vélez presentaron ante el TPI una petición *ex parte* sobre nombramiento de Administrador de Caudal Hereditario y Contador Partidor, en relación con el caudal de su difunta madre, Doña Almida Vélez Barbosa. La referida petición fue resuelta mediante *Resolución* notificada el 17 de abril de 2020.

No obstante, en el 2022, aun sin adjudicar el caudal hereditario de la causante, Don Mariani Vélez falleció. Como consecuencia, los hermanos Mariani-De Jesús instaron una demanda sobre liquidación de la comunidad de bienes hereditarios pertenecientes a la Sucesión Vélez

Barbosa, en contra de Doña Mariani Vélez, en el caso civil núm. UT2023CV00563, del cual tomamos conocimiento judicial.

Iniciado el procedimiento sobre partición hereditaria en el caso UT2023CV00563, el 25 de enero de 2024, los hermanos Mariani-De Jesús solicitaron intervención en el pleito *ex parte*, PO2020CV00499, a los únicos fines de dejar sin efecto los nombramientos de Contador Partidor y Administrador de Caudal Hereditario. Subsiguientemente, la señora Aponte y el señor Domínguez, respectivamente, comparecieron al pleito de epígrafe. Así las cosas, las partes presentaron sendas mociones ante la consideración del foro primario, las cuales suscitaron múltiples controversias.

Dada la naturaleza del pleito *ex parte* y las controversias presentadas por los comparecientes, las cuales tornaron el caso en uno contencioso, somos del criterio que el foro primario no abusó de su discreción o actuó arbitrariamente al ordenar el inicio de un pleito independiente sobre partición de herencia. Cabe destacar que, una petición sobre nombramiento de Administrador de Caudal Hereditario y Contador Partidor, por su naturaleza, no debe ser un procedimiento contencioso. Por todo lo cual, no intervendremos con lo resuelto por el TPI.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones